IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHANCHAI TARANURUKKUL | ) | CASE NO.: 08: 08- CV - 276 |
| | ) | |
| Plaintiff, | ) | COMPLAINT AND REQUEST |
| | ) | FOR JURY TRIAL |
| LINCOLN FINANCIAL GROUP | ) | |
| | ) | |
| Defendant. | ) | |

The Plaintiff, Chanchai Taranurukkul, by and through his attorney of record, David W. Tighe states and alleges:

## JURISDICTION AND VENUE

1. This is an action for monetary relief against Defendant for acts and violations of Plaintiff's rights as guaranteed under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, to redress the unlawful acts of sexual harassment and discrimination by the Defendant against the Plaintiff, and this action is further brought pursuant to §§ 48-1101 *et seq.* and § 20-148 of the Nebraska Revised Statutes, as amended.

2. This Court has jurisdiction over the claims of the Plaintiff pursuant to 28 U.S.C. §§ 1331, 1332, 1367 and principles of supplemental jurisdiction over cases arising under state law.

3. Venue is properly laid in the District of Nebraska as the acts complained of by the Plaintiff were committed or occurred within this district.

4. The unlawful discrimination and employment practices alleged below were committed within the State of Nebraska and the Defendant Corporation is headquartered in Omaha, Nebraska, within the United States District Court for the District of Nebraska.

## PARTIES

5. Plaintiff, Chanchai Taranurukkul, is an Asian male born in Thailand and is a

Permanent Resident of the United States, and at all times mentioned herein resided in the County of Douglas, State of Nebraska.

6. Plaintiff was an employee of Lincoln Financial Group of Omaha within the meaning of 42 U.S.C. § 2000(e) and § 48-1102, Nebraska Revised Statutes as amended.

7. Plaintiff began work with Lincoln Financial Group on July 5, 2000.

8. Plaintiff resigned his employment with Lincoln Financial Group on September 4, 2007.

9. At all times material, Defendant, Lincoln Financial Group, is a business entity doing business in the United States of America and authorized to do business in Omaha, Douglas County, Nebraska.

10. Defendant is an "employer" within the meaning and definition of 42 U.S.C. § 2000e of the Civil Rights Act of 1964, as amended, and § 48-1102 of Nebraska Revised Statutes, as amended.

11. At all times material, Defendant, Lincoln Financial Group, did and does now employ more than fifteen (15) employees.

12. Plaintiff is informed and believes and based thereon alleges that each Defendant was in some manner intentionally and/or negligently and legally responsible for the events and happenings alleged in this Complaint and for Plaintiff's injuries and damages.

## PROCEDURAL REQUIREMENTS

13. On or about March 27, 2008, Plaintiff, Chanchai Taranurukkul, filed charges of discrimination against the Defendant, satisfying the requirements of 42 U.S.C. § 2000e-*et seq.*, with the Nebraska Equal Opportunity Commission. Such charges were filed within 180 days after the alleged unlawful employment practices occurred.

14. April 4, 2008, the Nebraska Equal Opportunity Commission issued a Dismissal and Notice of Rights, which stated that: "The EEOC issues the following determination; Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge." A true and accurate copy of said Determination is attached as Plaintiff's **Exhibit A** and fully incorporated herein by this reference.

## FACTS

15. Plaintiff commenced employment with Defendant in July of 2000, as a "billing representative," whose responsibility it was to verify and process insurance claims.

16. As part of Plaintiff's job duties, he would correspond with customers, co-workers via e-mail.

17. On August 29, 2007, Plaintiff was reprimanded for sending a supposedly rude e-mail. This reprimand was part of an ongoing, unfounded, systematic and continual practice by Plaintiff's manager, Tami Hart, to discriminate against Plaintiff.

18. As part of an ongoing, unfounded, systematic and continual practice by Defendant to discriminate against Plaintiff, Plaintiff was assigned additional work by supervisor Sheryl Cloyd. Plaintiff was continually assigned to perform the work of co-worker Mary Ann Psici. Plaintiff's account load was three thousand eight hundred (3800) accounts, while co-worker Mary Ann Psici's case load was one thousand seven hundred (1700) cases.

19. Plaintiff was assigned to cover the co-worker's cases so that she could attend software classes, however Plaintiff was never given the same opportunity to attend such

classes.

20. Plaintiff was assigned to cover the co-workers cases because she would volunteer for "bake sales" and such excuse was given to Plaintiff as to why he had to cover her case load.

21. Plaintiff was continually assigned a disproportionate and inequitable amount of work in comparison to other employees.

22. During the 2003 Christmas holiday season, Plaintiff overheard a conversation between other employees regarding "holiday scheduling." The other employees stated that Plaintiff should have to work the Christmas holiday because he was not "Christian" and was not married.

23. For the months of July and August of 2007, Plaintiff received Quality Assurance production rating of 99.5 and 100 percent, despite the increased in inequitable work load.

24. Plaintiff was transferred to manager Tami Hart's group in July of 2007, wherein he was responsible for continuing to perform his former duties on his old accounts, perform his new job duties on his new accounts, and perform the work of co-worker, Mary Ann Psici, when she was on vacation, sick, taking classes, or otherwise absent.

25. After Plaintiff was assigned to Tami Hart's group, Sara Thompson, a coworker, required Plaintiff to his work projects from her, at her desk, for him to work on. The person who held the same position prior to Plaintiff did not have to pick his/her assignments or caseload from her desk, rather the work was sent electronically or through the company's mail system. This practice was part of an ongoing, systematic practice to demoralize and discriminate against Plaintiff.

26. Plaintiff, at the time of his resignation was one of only two minority employees

working at Lincoln Financial Group, in their Omaha office.

27. At the time of Plaintiff's resignation, Plaintiff was the only Asian employee for Lincoln Financial Group in their Omaha office.

28. Defendant required Plaintiff to compose and prepare PowerPoint presentations, however he was told by management for the Defendant that Plaintiff could never present the PowerPoint presentations because of his accent.

29. During 2007, Management for the Defendant informed Plaintiff that he could no longer take his scheduled and allotted three weeks of vacation time to visit his family in Thailand because if Plaintiff became ill he would not have any paid compensation days to use, even though other employees for the Defendant's company were able to freely and unequivocally use their vacation time.

30. At the time of Plaintiff's resignation, Plaintiff was one of only four homosexual employees working for Lincoln Financial Group in their Omaha office.

31. Plaintiff continually applied for advancement positions advertised on the company network. Plaintiff was continually denied advancement opportunities even though he was more than qualified for the positions.

32. On numerous occasions the people hired for these positions were less qualified than Plaintiff.

33. In early August of 2007, an employee condemned the lifestyle of a transgendered client of Lincoln Financial Group who was changing his/her health insurance policy to reflect his/her new gender status. The employee knew and realized that her condemnation of alternative lifestyles was highly offensive to the Plaintiff.

34. Employees of Lincoln Financial Group continually and routinely made reference to

the immorality of people who live alternative lifestyles, particularly and especially homosexuals. Manager Tami Hart, during the summer of 2004, began many staff meetings by commenting on the immorality of the television show "Will and Grace" stating that those types of shows are not allowed in her house, knowing and realizing that the comment would be hurtful and offensive to Plaintiff.

35. Around August of 2002, Plaintiff became ill and sought medical help. Plaintiff was scheduled for a follow up visit with the Doctor for the following week. Plaintiff's manager, Vicki Bashus, told Plaintiff that he can keep his scheduled doctor's appointment, but he would be required to bring back with him a doctor's note. Additionally, Plaintiff was required to give a six day advanced notice of any future doctor's appointments even though this was never required of any other employee. Many employees were allowed to take paid time off for such errands as picking up their children for school and "getting their nails done."

36. It was only after Plaintiff complained to human resources that this policy of requiring the Plaintiff to bring a doctor's note to return to work was dropped.

37. Plaintiff had repeatedly reported this and other discriminatory practices to the human resources department. Many of Plaintiff's complaints were either reached not resolved or Plaintiff received no notification of any resolution from the human resources department. These discriminatory practices were continual, and systemic, and the discriminatory practices escalated in frequency of occurrences and degree of offensiveness until Plaintiff could no longer tolerate the work environment and therefore eventually resigned from the company.

38. At all times material to this action, Plaintiff met each of the Defendant's stated

qualifications for his position and performed all duties assigned to him in a professional and more than satisfactory manner.

## COUNT ONE – FIRST CAUSE OF ACTION
## INDIVIDUAL DISPARATE TREATMENT

35. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1-34 as if fully rewritten herein.

36. To establish Plaintiff's prima facie case, Plaintiff asserts and alleges the following;

    A. Plaintiff belongs to a racial minority and protected group.  Plaintiff is from Thailand, and is a member of the Asian race

    B. Plaintiff applied for numerous promotions; and

    C. Plaintiff was qualified for the promotions; and

    D. Despite Plaintiff's qualifications, Plaintiff was denied advancement opportunities; and

    E. After Plaintiff's rejection for advancement the position remained open; and

    F. The Defendant continued to solicit applications from individuals, many of whom had lower qualifications than Plaintiff; and

    G. Many of the people who were eventually promoted, had lower qualifications that Plaintiff.

37. The foregoing acts of discrimination of the Defendant against Plaintiff were intentional.

38. As a result of Defendant's actions, the Plaintiff has suffered and will continue to suffer substantial humiliation, emotional distress, mental anguish and loss of income.

39. Each of the acts of the Defendant described above constitutes discrimination against Plaintiff.

WHEREFORE, Plaintiff prays as set forth below:

## COUNT TWO – SECOND CAUSE OF ACTION
## SYSTEMIC DISPARATE TREATMENT

40. Plaintiff incorporates by reference each and every allegation contained in paragraphs one through 39 as if fully rewritten herein.

41. To establish Plaintiff's prima facie case, Plaintiff asserts and alleges the following;

A. Plaintiff can establish, through the use of statistics, which are competent circumstantial evidence, that Defendant, and/or management of Defendant in the Omaha Branch Office, follows a hidden, covert policy or standard operating procedure that engages in discrimination.

B. Plaintiff can establish that during his employment with Defendant at the Omaha office, there is a great imbalance or disparity between the ratio or percentage of minority employees in the Defendant's work force and the ratio or percentage of qualified minorities in the relevant labor market.

C. Plaintiff can also establish that the same imbalance or disparity as mentioned in 41(B) also exists in the management level positions.

D. Plaintiff asserts that this disparity has existed in the Defendant's Omaha branch office for multiple years, including but not limited to the date Plaintiff commenced employment with the Defendant through the date of Plaintiff's resignation.

42. The foregoing acts of discrimination of the Defendant against Plaintiff were intentional.

43. As a result of Defendant's actions, the Plaintiff has suffered and will continue to suffer substantial humiliation, emotional distress, mental anguish and loss of income.

44. Each of the acts of the Defendant described above constitutes discrimination against Plaintiff.

WHEREFORE, Plaintiff prays as set forth below:

## COUNT THREE –THIRD CAUSE OF ACTION
## DISCRIMINATION BASED ON SEX (HOSTILE WORK ENVIRONMENT)

45. Plaintiff incorporates by reference each and every allegation contained in paragraphs one through 44 as if fully written herein.

46. To establish Plaintiff's prima facie case, Plaintiff asserts and alleges the following;

    A. Plaintiff was the only male working in his position with female co-workers; and

    B. The terms and conditions of the Plaintiff's employment were severely altered to the degree that there was an unreasonable interference with his daily work environment due to his sex and/or race.

    C. The alteration of the terms and conditions of the Plaintiff's employment were altered to such a degree that the hostile work environment, Plaintiff asserts, has violated Title VII's broad rule of work place equality.

47. Defendant's acts in connection with the harassment and discrimination against Chanchai Taranurukkul on the basis of his sex and/or race constitutes an unlawful employment practice within the meaning of Neb. Rev. Stat. § 48-1104 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*.

48. Defendant's acts directly and through employees and agents, subjected Plaintiff to

unlawful sexual and/or racial discrimination and harassment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e *et seq.*, in that Plaintiff's acceptance of harassment by Defendant was an express and implied condition to the receipt of certain job benefits, Defendant's harassment of Plaintiff was the cause of tangible job detriments to Plaintiff, and Defendant's actions, which also constituted constructive termination of Plaintiff, otherwise discriminated against Chanchai Taranurukkul with respect to his compensation, terms, conditions, and privileges of employment, solely on the basis of his sex and or race. The acts described above also created a hostile and sexually offensive working environment for Plaintiff.

49. The foregoing acts of discrimination of the Defendant against Plaintiff were intentional

WHEREFORE, Plaintiff prays as set forth below:

### COUNT FIVE – FOURTH CAUSE OF ACTION
### DISCRIMINATION BASED ON RACE

50. Plaintiff incorporates by reference each and every allegation contained in paragraphs one through forty-nine as if fully rewritten herein.

51. To establish Plaintiff's prima facie case, Plaintiff asserts and alleges the following;

A. Plaintiff is an Asian male born in Thailand and is a permanent resident of the United States, and at all times mentioned herein resided in the County of Douglas, State of Nebraska, and was an employee of Defendant within the meaning of 42 U.S.C. §2000(e).

B. Defendant is a business entity doing business in the United States of America and in the State of Nebraska and at all times pertinent hereto was an employer within the meaning of 42 U.S.C. §2000e(d) and engaged in an industry affecting commerce and did

and does now employ more than fifteen (15) employees.

C. Plaintiff is informed and believes, and based thereon alleges, that the employees occupying upper level positions as described in this complaint, were acting at all relevant times as agents of the Defendant within the meaning of 42 U.S.C. §2000e.

D. Defendant's denial of the terms and conditions of employment alleged above was without just cause and for pretextual reasons; by Defendant's actions Defendant discriminated against Plaintiff on the basis of his race and/or National Origin in violation of 42 U.S.C. §2000e et seq., for which Defendant is liable.

E. Through the actions of Defendant's agents, Defendant discriminated against Plaintiff with respect to the terms, conditions and privileges of employment because of his national origin in violation of 42 U.S.C. §2000e et seq., for which Defendant is liable.

F. As a result of the Defendant's conduct set forth above, Plaintiff is entitled to compensation for any and all lost wages and benefits and reasonable attorney's fees and costs.

G. Additionally, Plaintiff states that Defendant acted intentionally, maliciously, willfully, wantonly, and recklessly and in conscious disregard of his rights, in denying the rightful terms and conditions of his employment on the basis of his race and/or national origin and for such conduct, Defendant is liable for punitive damages.

H. Plaintiff has duly complied with the requirements of Title VII, and has filed his action within 90 days of receipt of right to sue from the EEOC, and has otherwise performed all conditions precedent to the maintenance of this action.

52. As a result of Defendant's actions, the Plaintiff has suffered and will continue to suffer substantial humiliation, emotional distress, mental anguish and loss of income.

53. Each of the acts of the Defendant described above constitutes discrimination against Plaintiff.

WHEREFORE, Plaintiff prays as set forth below:

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant, for the causes of action stated herein and requests the following relief:

a. All salary and/or wages lost, both prior to the date and the future, plus pre-judgment interest;

b. All fringe benefits lost, both prior to the date and the future plus pre-judgment interest;

c. Compensatory and punitive damages;

d. All costs and expenses of this action and reasonable attorney fees; and

e. Such other relief as the Court shall deem equitable and just.

Dated this 30 day of June, 2008

CHANCHAI TARANURUKKUL, Plaintiff

BY: _____
David W. Tighe, #23750
David W. Tighe, PCLLO
11620 Arbor Street, Suite 202
Omaha, Nebraska 68144
Telephone: (402) 408-4000
Fax: (402) 408-4444
Attorney for Plaintiff

–13–

## DEMAND FOR JURY TRIAL AND LOCATION OF TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure **AND DESIGNATES** Omaha, Douglas County, Nebraska as the place of trial.

Date: June 30 2008

CHANCHAI TARANURUKKUL, Plaintiff

BY: *[signature]*
David W. Tighe, #23750
David W. Tighe, PCLLO
11620 Arbor Street, Suite 202
Omaha, Nebraska 68144
Telephone: (402) 408-4000
Fax:        (402) 408-4444
Attorney for Plaintiff

STATE OF NEBRASKA  )
                                        ) ss.
COUNTY OF DOUGLAS )

    Chanchai Taranurukkul, Plaintiff in the above entitled action, of lawful age and being first duly sworn upon oath, deposes and states that he is the Plaintiff named above, that he has read the foregoing Complaint and Demand for a Jury Trial, knows the contents thereof, and that the same are true as he verily believes.

                                                             Chanchai Taranurukkul

SUBSCRIBED AND SWORN to before me this 27th day of June, 2008.

GENERAL NOTARY-State of Nebraska
NICOLE M. FISK
My Comm. Exp. Oct. 13, 2009

                                                   Notary Public

EEOC Form 161 (2/08)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Chanchai Taranurukkul
650 N. 63rd Street
Omaha, NE 68132

From: Kansas City Area Office
Gateway Tower II
400 State Avenue
Kansas City, KS 66101

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 560-2008-00146 | Rick Thomas, Investigator | (913) 551-6647 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____   4/4/2008
Billie I. Ashton,                    (Date Mailed)
Director

Enclosures(s)

cc: LINCOLN FINANCIAL GROUP
8801 Indian Hills Drive
Omaha, NE 68114


PLAINTIFF'S EXHIBIT A